Owria, per

Evans, J.
The indictment charges, that the defendant did sell and retail one quart of rum to a certain Wm, Ashford. The ¿said Alexander ikooty then and there not having a license to sell and retail spirituous liquors,” &c. By the Act of 1801, 2 Faust, 400, those jvho “shall retail spirituous liquors, or keep a tavern, without a license, are subjected to a penalty of 100 dollars,” The motion in arrest of judgment, is fpunded on the allegation that the offence wherewith this defendant is charged in the indictment, is not within the Act of 1801. If this Act were the only legislation on this subject, I think it might well be ina.intained, .that the offence is described with all the technical accuracy required by criminal pleading. The reason for requiring such certainty jn indictments, is, that th.e accused may be notified of the precise crime with which he is charged, and that he may be enabled to plead his conviction or acquittal to another indictment for the same act. By transposing the words in the indictment, the charge stands thus: the defendant, “without any license to retail spirituous liquors, did sell and retail one quart of rum,” &c. Can there be a doubt of the precise offence with which he is charged, so as to enable him to shape his defence, and to protect himself against further prosecution for the same act, and more especially as rum is *189 classed by prior Acts of the Legislature under the denomination of spirituous liquors'? L have examined all our own cases on this subject, and none of them conflict with this opinion. The statute 4 and 5 of Phil, and Mary, ch. 8, under which O’Bannon was indicted, 1 Bail. 146, uses the words “ maid or woman child,” and the lady was described in the indictment by her name, omitting the words of the statute. In Holden’s case> 2 M’C. —, the indictment charged that the defendant, “ utter and publish,” omitting the auxiliary verb “ did,” without which the indictment was unintelligible. This might be supplied, but the indictment would be equally intelligible by adding “ did not,” or some other word. In Petty’s case, Harp. 59, the words used were, “ did dispose and put away,” instead of “ did utter and publish,” which are words of different import. But there is another view of this case which I think decisive. By the Act of L784, it is declared to be unlawful and punishable by a fine of £50 sterling, for any person to retail any wine, rum, gin, brandy, &c. or any other spirituous liquors. The Act of 1801 creates no new offence. It simply diminishes the penalty for retailing. These two Acts are to be construed in pari materia, and this leaves the whole of the Act of 1784 unrepealed, except the penalty. This was the view taken by the court in Van Evour’s case, 2 N. & M’C. 340 ; and in Luke Williams’s case. A subsequent' Act does not repeal a former, only so far as they are inconsistent, except by express words. The motion in arrest of judgment is therefore refused.
The grounds for a new trial present the question whether a single act of selling, unexplained, is a violation of the Act. To retail spirituous liquors, means to vend liquors in small quantity for gain. If one act does not constitute the offence, will two ? Or does it require three or four 1 The error consists in likening this case to those where the exercise of certain vocations or employments are prohibited. A single act might not fix on the defendant the character of a hawker or pedlar, or perhaps a tavern-keeper. But to me it seems obvious that the Legislature intended to punish all who should presume to retail spirituous liquors without a license. This construction does not preclude the defendant from explaining his conduct, and shewing that in fact he has not violated the law. The case of Ferguson, decided in 1829, in the Appeal Court, is an illustration of this. In that case, four distinct acts of apparent retailing were proved. Two of his neighbors had each a quart of spirits when their families were sick. He had let another person have a pint, who said he had agreed to pay 7d. Another had got a small quantity, for which he expected to pay. All these acts were sufficiently explained by the showing that the defendant did not keep spirituous liquors to sell; that he kept it for his own use, and in cases of sickness or urgency, had let his neighbors have small *190 quantities. It did not appear that he had ever received or expected pay for the spirits. A new trial was granted, on the ground that he had not violated the law. Nearly all our reported cases are of single acts of vending. McBryde, 4 M’C. 332, had sold four times, find four distinct indictments were preferred against him. On the first he was convicted, and this was held a bar to the others ; but not because a succession of acts was necessary to constitute the offence. The case of Williams, decided' at the last Court of Appeals, in Charleston, was for a single act of vending by his clerk. A new trial was granted, but there was no intimation of an 1 opinion that the offence was incomplete. The presiding Judge reports, that he charged the jury that a single act of selling, unexplained, would authorize the conviction of the defendant. The jury found him guilty, and the verdict must stand.
The motion is dismissed.
Johnston, Harper, DeSaussure, Johnson, Butler, O’Neall, and Rrc hard son, CC. and JJ. concurred.